2:23-mj-453

## INTRODUCTION

I, Alexa Montesano, (hereafter referred to as affiant) been duly sworn depose and state:

1. I am a Special Agent with the Drug Enforcement Administration (DEA), assigned to the Detroit Field Division, Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18 United States Code, Section 2516(1). During this time, your affiant has accumulated the following training and experience:

2. I graduated from the DEA Academy located in Quantico, Virginia in 2021. I received approximately 16 weeks of specialized narcotics related training. The training included controlled substances identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcement, surveillance and electronic monitoring techniques, and money laundering investigations.

3. As a DEA agent, I have participated in the execution of numerous search warrants at residences and businesses of narcotics traffickers, safe houses, crack houses, and have participated in numerous search warrants and investigations for drug related offenses.

4. As a DEA agent, I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, fentanyl, and its analogues, methamphetamine and other controlled substances as defined in 21 U.S.C. § 801. I know that these are controlled substances under 21 U.S.C. § 801.

5. During the course of my law enforcement career, I have had experience in debriefing defendants, interviewing participating witnesses, cooperating individuals, and other persons who have personal knowledge and experience regarding the amassing, spending,

conversion, transportation, distribution and concealment of records and proceeds of trafficking in controlled substances.

6. Before joining DEA, I was a police officer for approximately two years, during the course of my law enforcement career, I have had experiences with narcotics investigations.

7. The facts and information contained herein are based on my personal knowledge and experience, that of other law enforcement personnel, surveillance operations, and from persons with knowledge regarding relevant facts and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this investigation.

## PROBABLE CAUSE

8. This Affidavit is submitted in support of a search warrant for buccal swabs for DNA material from the person of Charles Anthony ALLEN (hereinafter referred to as, "**ALLEN**"), date of birth XX/XX/1982, **ALLEN** is suspected of violating 21 U.S.C. 841 (a)(1), Possession with Intent to Distribute a Detectable amount of Fentanyl in the Southern District of Ohio. Because this Affidavit is submitted for the limited purpose of demonstrating probable cause for the issuance of the requested warrant, it does not contain each and every fact known about this case by Your Affiant or the investigating agencies.

9. Deoxyribonucleic acid (DNA) is genetic coding material, which is unique to each individual. Laboratory analysis of DNA material can establish whether material, such as saliva, skin, hair, or blood came from a particular individual. Because DNA is sometimes left behind on physical items previously touched by a particular individual, DNA evidence can be useful, admissible evidence in demonstrating that a particular person at one time was in possession of a particular piece of physical evidence, or present at a particular location or in a particular vehicle.

10. In October 2022, members of the DEA Columbus District Office (hereinafter referred to as, "CDO") established an investigation into the **ALLEN** Drug Trafficking

2

Organization (hereinafter referred to as, "DTO"). During the course of the investigation to date, investigators have identified **ALLEN** to be distributing large amounts of fentanyl and cocaine in the Columbus, Ohio, area. Investigators have interviewed a cooperating source (hereinafter referred to as, "CS"), who confirmed **ALLEN** to be a fentanyl and cocaine distributor in Columbus, Ohio. Information provided by the CS has been corroborated by your affiant, and/or other investigators assigned to the case. This corroboration was achieved through various investigative means and other sources.

11. In or about May 2023, investigators met with the CS at a neutral location in preparation of the CS meeting **ALLEN** to purchase narcotics. The CS and **ALLEN,** agreed to meet through a series of recorded telephone conversations. The CS and the CS' vehicle was followed to 1507 Arlington Avenue, Columbus, Ohio, and subsequently, the CS purchased approximately 240 gross grams of cocaine and approximately 90 grams of fentanyl from **ALLEN**.

12. In or about June 2023, investigators met with the CS at a neutral location in preparation of the CS meeting **ALLEN** to purchase narcotics. The CS and **ALLEN**, agreed to meet through a series of recorded telephone conversations. The CS and the CS' vehicle was followed to 93 Bird Street, Gahanna, Ohio, and subsequently, the CS purchased approximately 90 grams of fentanyl from **ALLEN**.

13. In or about July 12, 2023, investigators met with the CS at a neutral location in preparation of the CS meeting **ALLEN** to purchase narcotics. The CS and **ALLEN**, agreed to meet through a series of recorded telephone conversations. The CS and the CS' vehicle was followed to 1506 Arlington Avenue, Columbus, Ohio, and subsequently, the CS purchased approximately 130 gross grams of fentanyl from **ALLEN**.

14. On or about July 13, 2023, investigators learned that the leasing agreement for 93 Bird Street had expired. Property managers for 93 Bird Street entered into the apartment in an attempt to change the locks. Upon entering 93 Bird Street, property managers observed a firearm inside of the apartment and contacted Gahanna Police Department (hereinafter referred to as, "GPD").  Investigators contacted Detectives with GPD to inquire about the firearm. Detectives

with GPD advised investigators that the firearm was seized and was currently being held as evidence at GPD.

15. On or about July 27, 2023, investigators arrived at GPD and took possession of an American Pride AR-15 Multi-Caliber rifle bearing Serial Number: 12200, which was seized from 93 Bird Street. The rifle is currently being held as evidence at the Columbus District Office.

16. Investigators know that **ALLEN** has been convicted of Falsification (MM), Domestic Violence (M-1), and Possession of Drugs (M-1), in the Columbus Municipal Court. **ALLEN** has been convicted of Carrying Conceal Weapon (F-2), Assault on a Police Officer (F-1), Tampering with Evidence (F-3), and Possession of Drugs (F-5), in the Franklin County Court of Common Pleas. **ALLEN** is currently on Post Release Control through the Ohio Adult Parole Authority. Therefore, **ALLEN** is federally prohibited from possessing a firearm and/or ammunition.

17. On or about August 1, 2023, investigators applied for and obtained a federal search warrant to obtain a DNA standard from **ALLEN** in the Southern District of Ohio by United States Magistrate Judge Elizabeth Preston Deavers. On the same date, investigators attempted to execute the federal search warrant and obtain a DNA standard from **ALLEN** but investigators were unable to execute the federal search warrant because **ALLEN** refused to give investigators a DNA standard. **ALLEN** stated that he would rather face federal contempt charges then provide investigators with a DNA sample.

## CONCLUSION

18. Based on the foregoing, I believe probable cause exists to issue a search warrant and obtain a DNA sample from the person of **ALLEN**, as this DNA sample may constitute evidence of violations of 18 U.S.C. 922(g)(1) (felon in possession of a firearm). Therefore, I request the Court allow me and other authorized law enforcement officers to take a cotton swab and place it inside the mouth of **ALLEN**, rubbing the inside of his cheek to obtain cellular material – this method allows officers to obtain saliva and/or topical or oral skin cells, by means of an oral swab. Based on my training and experience, I know that this procedure is quick, painless and involves minimal intrusion into the body. This warrant also permits authority to execute the search warrant by any means necessary to include by force, in the event that **ALLEN** continues to refuse to cooperate in the collection of the DNA sample.

19. The above information is true and correct to the best of my knowledge, information and belief.

_____
Alexa Montesano
Drug Enforcement Administration
Special Agent

SUBSCRIBED and SWORN to before me this __2nd__ day of August, 2023. Time: __11:03 A.M.__



Elizabeth A. Preston Deavers
United States Magistrate Judge

## ATTACHMENT A

### PERSONS / PLACES TO BE SEARCHED

The person to be searched is Charles Anthony ALLEN, a black male, DOB: XX/XX/1982, SSN: XXX-XX-7850. Charles Anthony ALLEN is currently incarcerated in the Franklin County Corrections Center II located at 2460 Jackson Pike, Columbus, Ohio 43223.

## ATTACHMENT B

### ITEMS TO BE SEIZED

DNA standard from the saliva of Charles Anthony ALLEN, a black male, DOB: XX/XX/1982, SSN: XXX-XX-7850 taken on sterile swabs.